```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF TENNESSEE
         AT CHATTANOOGA
```

| | |
|---|---|
| JAMES RHOTON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | No.: 1:08-CV-65 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| T-MOBILE and T-MOBILE USA, INC. ) | |
| ) | |
| *Defendants*. ) | |

## **MEMORANDUM**

Before the Court is Defendants' motion to dismiss (Court File No. 4). Defendants filed a memorandum in support (Court File No. 5) and Plaintiff filed a response (Court File No. 10). For the following reasons, the Court will **DENY** Defendants' motion to dismiss (Court File No. 4).

### I.     RELEVANT FACTS

Plaintiff's complaint is brief. He alleges he was employed by Defendant from July 24, 2006 to October 7, 2007, when he was terminated. Three weeks before his termination, "Plaintiff requested and was granted intermittent Family and Medical Leave." While on leave, Plaintiff "was harassed by Defendant's demands to return to the office within a short time." Plaintiff contends his termination three weeks after being granted leave was based on a "pretextual reason." Plaintiff alleges his termination violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1) and (2).

Plaintiff also claims Defendants violated the Tennessee Handicap Act ("THA"), Tenn. Code Ann. § 8-50-103. He alleges Defendant "regarded [him] as a person with a handicap." Plaintiff alleges Defendants "terminated the Plaintiff for a pretextual reason because the Defendant believed

that the handicap was going to cause Plaintiff to miss work."

## II. DISCUSSION

Defendants move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) on the grounds, "Plaintiff has failed to plead factual allegations sufficient to raise a right to relief above mere speculation or to otherwise show an entitlement to relief as required by [Fed. R. Civ. P.] 8(a)(2)." Defendants rely on the Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The United States Court of Appeals for the Sixth Circuit has recently discussed *Twombly* and another Supreme Court case decided soon after:

> In [*Twombly*] the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S. Ct. 2197 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Id.* at 2200 (quoting *Twombly*, 127 S. Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S. Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim. . .

*Sensations, Inc. v. City of Grand Rapids*, --- F.3d ----, 2008 WL 2097410, *2 (May 20, 2008).

The Sixth Circuit also noted that there is "some uncertainty concerning the scope of" *Twombly*. *Id.* at *2 n.1 (quoting *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 337 n.4 (6th Cir. 2007)). "In particular, we have taken note of the Second Circuit's interpretation of *Twombly* as enacting a 'plausibility standard which did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims, and instead, required

more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Id.* (quoting *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir.2007)) (internal brackets and ellipses omitted).

Defendants seek dismissal of the FMLA claim because, "Nowhere in his complaint does Plaintiff set forth any factual allegations as to why he requested FMLA leave, what condition he claims to have had which lead to the request for FMLA leave, or even how much time he took off for such leave." Given that Plaintiff's employer granted him FMLA leave, it can reasonably be inferred he qualified for FMLA leave.

Defendants seek dismissal of the THA claim because, "Plaintiff does not allege what physical or mental impairment he claims to have had, what physical or mental impairment Defendants are supposed to have perceived him as having, how or if his alleged impairment substantially limited a major life activity, or whether Defendants perceived Plaintiff as being substantially limited in a major life activity." Plaintiff's complaint gives Defendants fair notice he alleges he was regarded as a person with a handicap and Defendants fired him based on that perception for a pretextual reason. In the context of the allegations presented in Plaintiff's employment claim, his allegations are not unwarranted factual or legal conclusions. On both claims, Plaintiff has pleaded barely "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Although heftier pleading would avoid such a *Twombly*-based motion, here Plaintiff has given fair notice of his claims.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be **DENIED** (Court File No. 4).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**